## UNITED STATES v. FIRST STATE BANK OF THOMPSON FALLS.

### No. 1620.

District Court, D. Montana.
Nov. 11, 1936.

John B. Tansil, U. S. Atty., of Butte, Mont., for the United States.

Murphy & Whitlock, of Missoula, Mont., for defendant.

PRAY, District Judge.

This is an action commenced by plaintiff to recover the sum of $1,163.28 paid out by it in extinguishing a forest fire on its land, and was heard by the court on an agreed statement of facts wherein it appeared that practically all of the essential allegations of the complaint are admitted to be true except that defendant denies that it was the owner of the real property upon which the fire originated, or that any fault could be attributed to it on account of the origin and spread of said fire. The defendant concedes that he held the legal title to the land where the fire originated, conveyed to him by warranty deed, but that the deed was in fact a mortgage. The deed, which was recorded, was in the usual form, and there was nothing therein to indicate that it was a mortgage. The defendant further states in reference to the title that its first interest in the land was acquired on October 24, 1919, by a mortgage given by the then owner, William S. Christie, to secure an indebtedness due defendant, and that on November 9, 1927, the mortgage indebtedness not having been satisfied, the parties to the mortgage changed the form of the security, and said Christie and wife deeded said property to the defendant, and the defendant on the 7th of December, 1927, entered into a contract with Margaret T. Christie, wife of said William S. Christie, to sell the said property, which was originally covered by the mortgage, to her upon payment of the balance due this defendant upon the indebtedness originally secured by mortgage; that this balance due was evidenced by a note which was retained by this defendant; that this transaction was intended to be and was a transaction for security only, and that said Christie and wife at all times retained possession and control of said property; that on November 19, 1931, the property pursuant to contract, which had been performed, was conveyed to said Margaret T. Christie. The defendant admits that the land in question was not listed with any of the organizations named in the statute.

The fire, so it is agreed, was discovered about 3 p. m. on the land, hereinafter described, by James Goff, who, with his mother, went immediately and tried to extinguish it, but were unable to do so; later the father joined them, but with no better success. The fire started in an old chicken house on the S. E. ¼ S. E. ¼, section 24, being the land in question, and "from a cause or source unknown to and for which it is not claimed that the defendant was in any way responsible save as herein specified." The fire was finally put out by Supervisor A. H. Abbott and his men on September 7, 1931, at an expense of $1,163.28. The parties agree that: "The defendant was never at any time in actual physical possession of the property or any part thereof and never at any time made any effort to cultivate or operate the same or to rent or sell the same to any person or persons whatsoever." The defendant knew nothing of the existence of the fire on August 28th, but knew about it in the forenoon of August 29th. This was long after the supervisor and his men—34 in number—had taken charge.

The statutory provision relating to fires and applicable here is section 2, c. 95, Laws Montana 1927, also Revised Codes of Montana, Supp. § 2778.2, which reads as follows:

"Uncontrolled fires nuisances—Liability —Abatement. Any uncontrolled or spreading fire in forest material in the state of Montana, from May 1 to September 30, inclusive, is hereby declared a public nuisance. The person, firm, or corporation on whose property such fire exists or from whose property such fire spreads, is hereby made responsible to the extent hereinafter set forth for its control and extinguishment. If the person, firm or corporation thus responsible, shall refuse, or neglect, or fail to take reasonable steps to control or extinguish it, the state forester, the United States or any organized and functioning forest protective association recognized by the state forester, may summarily abate such nuisance by controlling or extinguishing the fire, and the cost thereof may be recovered from such person, firm or corporation responsible for such fire by the state of Montana, or the United States, or the association, which extinguished or controlled it. If the person, firm or corporation shall fail to pay in full the total amount due within thirty (30) days after date of written demand for payment, such amount may be collected in an action for debt by the state, the

United States, or the association which abated the nuisance.

"Provided, that when any person, firm or corporation has listed his lands with any such regularly organized and functioning forest protective association recognized by the state forester, or with the state forester or the United States forest service, it shall be considered that he has taken reasonable steps to control and extinguish fires as described in this section except such fires as may be the result of his negligent acts, conduct or operations."

The principal questions here are: Was defendant the absolute owner of the land, and if so, did he fail to take reasonable steps to control or extinguish the fire? Defendant held the legal title and transferred the property under contract. So far as the agreed statement and the record disclose defendant was the owner. It claims to have retained a note, but that does not seem to have any particular significance in view of the other circumstances. Did defendant fail to exercise reasonable care? He did not list the land as provided in the statute. On hearing of the fire defendant might have sent a representative to co-operate with the men who were fighting the fire from September 27th to October 9th. But, as it appears, no effort was made to help the fire fighters. This was not only not taking reasonable steps to control or extinguish the fire, it was not exercising any care or taking any steps whatsoever to control or extinguish it. To be sure, defendant did not learn of the fire until the following forenoon, but it was still burning and spreading and continued to burn until October 9th, thereby affording defendant ample time to manifest some interest in this devastating fire that had its origin on property of which it was the owner.

If the statute is not applicable to the state of facts found here, it would be difficult to find a case falling within its provisions. It seems to the court that there is sufficient evidence to warrant the finding that the deed was in fact a deed absolute and not a mortgage, and it is so determined, and that under the evidence and a plain reading of the statute that the defendant failed in the performance of the duty thereby imposed, and is therefore liable for the cost sought to be recovered in the foregoing action, and judgment will be entered accordingly. The court has considered the arguments of counsel as to the validity of the act in question, and is of the opinion that it meets constitutional requirements and is therefore valid.